[Crim. No. 12344.   Second Dist., Div. Three.   July 18, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EDDIE APODACA, Defendant and Appellant.

Marshall K. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

FORD, P. J.—In a trial by jury the defendant was found to be guilty of robbery of the first degree. Probation was denied and he was sentenced to be punished by imprisonment in the state prison for the term prescribed by law. He has appealed from the judgment.

The defendant contends that a tape recording of a conversation between him and a visitor at the jail was erroneously received in evidence contrary to the provisions of section 653j of the Penal Code.[1] It is further contended that the

---

[1]Section 653j, enacted in 1963, is in major part as follows:

"(a) Every person or his authorized agent not a party to the communication who, intentionally and without the consent of any party to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records a confidential communication, whether such communication is carried on among such parties in the presence of one another or by means of a telegraph, telephone or other device, except a radio, shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars ($1,000), or by both such fine and imprisonment.

"(b) The term 'person' includes an individual, business association, partnership, corporation, or other legal entity, and an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or local, but excludes an individual known by all parties to a confidential communication to be overhearing or

evidence so obtained was inadmissible under the reasoning of *Massiah* v. *United States,* 377 U.S. 201 [12 L.Ed.2d 246, 84 S.Ct. 1199], and under the "basic policy" set forth in *Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361].

The pertinent portions of the record will be noted. Lieutenant Goodyear of the Inglewood Police Department testified that on January 13, 1966, while the defendant was in jail, he had a visitor, Mr. McNeil. The visitor talked to the defendant in a visiting booth which the witness described as follows: "This is a small booth with two sections. There is a divider in the middle which is glass and wire, and communication is made by a phone instrument. It is not a normal phone as hooked up by the phone company but an instrument on both sides and they talk into the phone, which enables them to converse between themselves. . . . Much like an intercom."

Lieutenant Goodyear testified that Mr. McNeil was never an agent of the police department and that he did not converse with the defendant pursuant to any instructions. A tape recording was made of the conversation. Neither the defendant nor his visitor were told that the conversation was being recorded. Lieutenant Goodyear monitored the conversation. Over the defendant's objection the recording was played at the trial in the presence of the jury.

We have reached the conclusion that the admission in evi-

recording such communication or an individual acting under the direction of a party to the confidential communication.

"(c) The term 'confidential communication' includes any communication carried on in such circumstances as may reasonably indicate that the parties to such communication desire it to be confined to such parties, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

"(d) Except as proof in a suit or prosecution for violation of this section, no evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section shall be admissible in any judicial, administrative, legislative or other proceeding.

"(e) . . . [relating to any public utility engaged in the business of providing communications services and facilities.]

"(f) This section shall not be construed to repeal Sections 591, 593 (b), 619, 621, 640, 653h or 653i of this code or to render lawful any act which is unlawful under any of those sections.

"(g) . . . [relating to the use of hearing aids and similar devices by persons with impaired hearing.]

"(h) Nothing in this section shall be construed as prohibiting law enforcement officers from doing that which they are otherwise authorized by law to do."

dence of the recorded conversation was not prohibited by the provisions of section 653j of the Penal Code because subdivision (h) thereof provides that that section is not to be construed as prohibiting law enforcement officers from doing that which they are otherwise authorized by law to do and because the reasoning of *People* v. *Morgan,* 197 Cal.App.2d 90 [16 Cal.Rptr. 838], decided in 1961, establishes that a recording of the conversation of a prisoner in such a manner is authorized under the law. (See comment, *Electronic Eavesdropping : A New Approach* (1964) 52 Cal.L.Rev. 142, 150-151.)

In *Morgan* a recording was made of a conversation between defendant and his sister while they were using a visiting booth of the nature of that employed in the present case. In the course of its reasoning the court stated (197 Cal.App.2d, at page 93) : "Defendant also contends that the recording of the conversation was an invasion of his privacy and therefore unlawful. We are unable to see any merit in this argument. A man detained in jail cannot reasonably expect to enjoy the privacy afforded to a person in free society. His lack of privacy is a necessary adjunct to his imprisonment. As the court said in *Davis* v. *Superior Court,* 175 Cal.App.2d 8, 20 [345 P.2d 513] : 'To censor and in certain instances to forbid communication to and from a prison is inherent in its administration. Such authority is necessary to protect against escape.' "[2]

The defendant is not aided by the reasoning of *Escobedo* and *Dorado.* As we said in *People* v. *Boulad,* 235 Cal.App.2d 118, at page 125 [45 Cal.Rptr. 104] : "*Escobedo* and *Dorado* are not applicable, for the simple reason that the incriminating statements were not the result of a 'process of interrogations that lends itself to eliciting incriminating statements.' "

In *Boulad* we also considered the reasoning of *Massiah* and stated (235 Cal.App.2d, at page 126) : "On this analysis we cannot agree with appellant that the eavesdropping—the only element in *Massiah* not found in *Escobedo*—violated a con-

---

[2]The conversation in the present case was not, of course, a privileged communication within the protection of section 653i of the Penal Code which is in part as follows: "Every person who, without permission from all parties to the conversation, eavesdrops on or records, by means of an electronic or other device, a conversation or any portion thereof, between a person who is in the physical custody of a law enforcement officer or other public officer, or who is on the property of a law enforcement agency or other public agency, and such person's attorney, religious advisor, or licensed physician, is guilty of a felony; . . ."

stitutional right. In spite of the superficial resemblance between *Massiah* and the present case, the plain fact is that *Massiah* would have found shelter under *Escobedo* while *Boulad* cannot. The decisive difference is that here there was no interrogation of any kind.''

The judgment is affirmed.

Cobey, J., and Moss, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 13, 1967. Peters, J., was of the opinion that the petition should be granted.